WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barry Knudsen,<br><br>                Petitioner,<br><br>v.<br><br>United States of America; and Gregory Allison,<br><br>                Respondents. | No. MC-13-00021-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Respondent the United States of America's (the "United States") Motion to Dismiss the Petition to Quash the Internal Revenue Service's ("IRS") Third Party Summons. (Doc. 3.) For the following reasons, the Motion is granted.

**BACKGROUND**

This case arises from the collection and investigation of Petitioner Barry Knudsen's 2008 federal income tax liabilities. On March 8, 2013, Revenue Officer Gregory Allison issued a summons to American Express Merchant Services, located in Phoenix, Arizona, seeking certain documents relating to Knudsen. (Doc. 1 ¶ 7.) On March 29, 2013, Knudsen filed a Motion to Quash the Third Party Summons (Doc. 1) in this Court, alleging that the issuance of the summons was improper because the IRS had failed to give him timely notice as required by statute (*Id.* ¶¶ 8–9) and because of other deficiencies.

On June 20, 2013, the United States filed the instant Motion to Dismiss Plaintiff's Motion to Quash. (Doc. 3.) On July 29, 2013, this Court issued an order directing Knudsen to respond to Defendant's Motion by August 12, 2013. (Doc. 4.) Plaintiff failed to file a response.

## ANALYSIS

The government moves to dismiss the petition under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. The United States is immune from suit unless that suit falls within a valid waiver of sovereign immunity. *Valdez v. United States*, 56 F.3d 1177, 1179 (9th Cir. 1995). The United States has waived its sovereign immunity with respect to certain actions to quash an IRS summons under 26 U.S.C. § 7609(b). Only those individuals who are entitled to receive notice of a summons under that statute have standing to move to quash that summons. *Viewtech, Inc. v. United States*, 653 F.3d 1102, 1104 (9th Cir. 2011)

Section 7609(a) outlines particular notice requirements for third-party summonses. 26 U.S.C. § 7609(a). Section 7609(c) lists several exceptions to these notice requirements. These exceptions include that the notice requirement does not apply to third-party summonses issued in aid of the collection of "an assessment made or judgment rendered against the person with respect to whose liability the summons is issued" or the "liability at law or in equity of any transferee or fiduciary of [such a] person." 26 U.S.C. 7609(c)(2)(D). The Ninth Circuit has construed these exceptions to state that a third party need not receive notice that the IRS has summonsed the third party's records when that third party is "the assessed taxpayer, a fiduciary or transferee of the taxpayer, or the assessed taxpayer had 'some legal interest or title in the object of the summons.'" *Viewtech, Inc.*, 653 F.3d at 1105 (quoting *Ip v. United States*, 205 F.3d 1168, 1175 (9th Cir. 2000)).

Here, Knudsen is the assessed taxpayer. As such, he was not entitled to receive notice of the summons and thus lacks standing to bring this action to quash the summons. Therefore,

1    **IT IS ORDERED** that the United States' Motion to Dismiss the Motion to Quash
2 (Doc. 3) is **granted**. The Clerk of Court is directed to terminate this action and enter
3 judgment accordingly.

    Dated this 6th day of November, 2013.

_____
G. Murray Snow
United States District Judge